(No. 3895—)

GEORGE M. GAMMON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1945.*

ROY C. MARTIN, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, J.

On July 8, 1944, the claimant, George M. Gammon, an employee of the State of Illinois, Department of Public Works and Buildings, while repairing the pavement on Illinois Route No. 148 south of Christopher, Franklin County, Illinois, slipped from a truck, and fell backwards onto the pavement. He sustained a fracture of his right arm above the wrist.

Immediately following the accident, claimant was

placed under the care of Dr. W. W. Sherer, of Christopher. He was treated by Dr. Sherer until September 9, 1944, when the doctor reported to the respondent that claimant was able to return to light work, and that no permanent disability was expected. Dr. Sherer discharged claimant as of that date.

At the time of the accident, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this state, and notice of the accident and claim for compensation were made within the time provided by the act. The accident arose out of and in the course of decedent's employment.

The claimant is a man sixty-five years of age, and has no children under sixteen years of age dependent upon him for support. He had been employed by the respondent since June 19, 1944 at the rate of sixty cents an hour. Employees of the respondent, engaged in the same capacity, and at the same rate as claimant, are employed less than two hundred days a year; eight hours constitute a normal working day. No claim is made for medical or surgical services, but claim is made for temporary total disability, and for twenty-five per cent permanent loss of use of claimant's right hand.

Claimant was incapacitated from the date of the injury, July 8, 1944, until September 9, 1944, a period of nine weeks. Under the provisions of the Workmen's Compensation Act, claimant's average weekly wage was $18.46, and his compensation rate is $9.23, plus 17½%, or $10.84 per week. For nine weeks temporary total incapacity, claimant was therefore entitled to the aggregate amount of $97.56. He was paid by the respondent, however, the sum of $112.40, or an over-payment of $14.84. This amount must be deducted from any award made in this case because the claim for additional com-

48

pensation for temporary totrl disability is not sustained by the record.

The claimant, testifying on his own behalf, stated that he had complete use of his right hand prior to the injury; that the fingers of the right hand are stiff; that he can only partially close his hand with great effort; that he has no strength in his right wrist; that it is very painful and does not rotate; and that the right wrist is thicker than the left.

Dr. W. M. Sherer, of Christopher, the treating physician, testifying on behalf of claimant, stated that claimant had sustained a Colles' Fracture with some deformity; that an X-ray picture taken after the cast was removed showed a complete repair of the fracture line; that claimant has some inability to flex and extend his fingers, and slight limitation in extension and flexion.

From all the evidence, and from personal observation of the claimant by the court, it appears that claimant has sustained a fifty per cent permanent partial loss of use of his right hand. He is therefore entitled to an award in the sum of $921.40 for such permanent partial disability, from which must be deducted the over-payment of $14.84.

An award is therefore made to the claimant in the sum of $906.56, of which $661.24 has accrued and is payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An act concerning the payment of compensation awards to State employees," and is payable, upon approval, from the appropriation from the Road Fund in the manner provided in such act.